UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DETRICK DEWAYNE HARRIS                                              PLAINTIFF

V.                                                 CIVIL ACTION NO. 3:11-cv-157-FKB

SHERIFF MALCOLM E. MCMILLIN, ET AL.                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant Patton's Motion for Summary Judgment (Docket No. 93), as well as Motions filed by Plaintiff at Docket Nos. 95, 97 and 99.[1] Having considered the motions, the Court concludes that Plaintiff's Motions are not well-taken and are denied. Defendant Patton's Motion is granted.

## HISTORY AND FACTS

This Court previously dismissed all Plaintiff's claims except those against Defendant Patton, who had not at that time been served with process. Docket No. 82. Plaintiff's claim against Defendant Patton is that Plaintiff's constitutional rights were violated by Defendant Patton when Plaintiff was attacked by another inmate. Specifically, Plaintiff claims that Defendant Patton allowed the attacking inmate to get by him and get to Plaintiff. Docket No. 1. Plaintiff also states in his complaint that Defendant Patton pulled the attacker off Plaintiff.[2]

---

[1]As noted in the Court's Order at Docket No. 82, all parties consented to the undersigned's jurisdiction and an Order of Reference was entered.

[2]At the omnibus hearing in this matter Plaintiff also testified he was suing Defendant Patton for "corrupt practices" in that "he would discuss this business with inmates in that population." Docket No. 93-4 at 35. The Court finds that this allegation is insufficient to state a claim for constitutional deprivation against Defendant Patton. *See Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 555 (2007)(factual allegations must raise right to relief above speculative level).

1

Once served, Defendant Patton moved for summary judgment. In his affidavit in support of the motion, Defendant Patton explains that while he was conducting a head count on December 3, 2010, Plaintiff's attacker ran out of his cell block door behind Defendant Patton, as it was being remotely closed, to the doorway of Plaintiff's cell block, where he encountered Plaintiff. Docket No. 93-7. Defendant Patton states that he went to Plaintiff's aid as soon as he realized that the door to the attacker's cell block had not shut before the attacker got out. This explanation is consistent with Plaintiff's version of the events, and both men assert that Defendant Patton pulled the attacker off Plaintiff. No allegation has been made that the attacker had been violent while at the Hinds County facility[3] or that he had made any threat against Plaintiff. Nor does Plaintiff allege that Defendant Patton purposefully allowed the attacker to get past him.[4]

## PLAINTIFF'S MOTIONS

Plaintiff does not need leave of this Court to appeal the prior decision dismissing most of his claims and therefore his motion at Docket No. 95 is denied.[5] Plaintiff's motion at Docket No. 97, which requests, *inter alia*, leave to amend is denied as the Court does not discern any new factual allegations against Deputy Patton in that motion. Finally, with respect to Docket No. 99,

---

[3] At the omnibus hearing Plaintiff did testify that the attacker was a pretrial detainee accused of murdering a deputy.

[4] Plaintiff alleged at the omnibus hearing that Defendant Patton went to his office when the inmate ran out but he also alleges that Defendant Patton "came running" to help him when he was attacked. Docket No. 1.

[5] The rambling fourteen page "motion" at Docket No. 95 also references a multitude of allegations not before this Court in this lawsuit either before or after the Order at Docket No. 82, and therefore, the Court will not further address those allegations.

2

which concerns, *inter alia*, discovery, Plaintiff made no request for any discovery regarding his claims against Defendant Patton at his omnibus hearing. Plaintiff indicated at the hearing that he had witness statements as to what occurred. The Court can identify no specific discovery to which Plaintiff is entitled regarding his claims against Defendant Patton, and therefore, this motion is denied as well.

CLAIMS AGAINST DEFENDANT PATTON

**A. Summary Judgment Standard**

Summary judgment is appropriate if the pleadings show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir.1987). "The requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). "Only disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Moreover, the Fifth Circuit has consistently held that "[b]are bones allegations are insufficient to withstand summary judgment because the party opposing summary judgment 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir.1986) (quoting *Nicholas Acoustics & Specialty Co. v. H & M Constr. Co. Inc.*, 695 F.2d 839, 845 (5th Cir.1983)).

When considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the non-moving party. *Howard v. City of Greenwood*, 783 F.2d 1311,

1315 (5th Cir.1986). In order to survive summary judgment, the non-moving party must demonstrate the existence of a disputed issue of material fact. *Anderson*, 477 U.S. at 247-48 (1986). The non-movant must bring forth "evidence of its own establishing each of the challenged elements of its case. Because factual disputes may not be resolved on motion for summary judgment, the plaintiff need not offer all of the evidence tending to support his case, only enough evidence 'from which a jury might return a verdict in [his] favor. If [he] does so, there is a genuine issue of fact that requires a trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.* 939 F.2d 1257, 1264 (5th Cir. 1991) (internal quotations, citations, and brackets omitted).

### B. Individual Capacity Claims

Defendant Patton is entitled to qualified immunity from the claims against him in his individual capacity unless he violated clearly established statutory or constitutional rights of which a reasonable officer would, or should, be aware. *Harlow v. Fitzgerald*, 457 U.S. 800, 818-819 (1982). Qualified immunity protects all but the "plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Plaintiff cannot overcome qualified immunity unless he can demonstrate that Defendant Patton "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the plaintiff." *Jolly v. Klein*, 923 F. Supp. 931, 946 (S.D. Tex 1996). The facts as alleged by Plaintiff portray Defendant Patton as negligent at worst. Prison officials have a duty to protect inmates from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, not every injury suffered by a prisoner at the hands of another inmate is a constitutional injury. Plaintiff must prove "both that he is incarcerated under conditions 'posing a substantial risk of serious harm,' and that the

4

prison official's state of mind is one of 'deliberate indifference' to the prisoner's health or safety." *Horton v. Cockrell*, 70 F.3d 397, 400-401 (5th Cir. 1995)(quoting *Farmer*, 511 U.S. at 834). Nothing alleged by Plaintiff indicates that Defendant Patton had reason to believe there was any risk of harm to Plaintiff, much less a substantial one. Moreover, the undisputed fact that Defendant Patton rushed to Plaintiff's aid as soon as he realized what had happened undercuts any claim that he was deliberately indifferent to Plaintiff's health or safety. Plaintiff has simply failed to allege sufficient facts to overcome the qualified immunity defense.

### C. Official Capacity Claims

Claims against Defendant Patton in his official capacity are essentially claims against his employer, Hinds County, Mississippi. *Brandon v. Holt*, 469 U.S. 464 (1985). To prevail on his official capacity claims, Plaintiff must show that the alleged constitutional violation was caused by an official policy of the County or a pervasive practice or custom so prevalent as to be considered an official policy. *See, e.g., Clark v. McMillin*, 932 F. Supp. 789, 794 (S.D. Miss. 1996). The plaintiff has identified no policy or custom of Hinds County that led to his assault. At the omnibus hearing, Plaintiff testified that Defendant Patton should not have been counting inmates alone. However, even if it is a policy of the jail for one officer to count, or if Plaintiff's allegation is that the County failed to adopt a policy that required the presence of more than one officer during a head count, there is no evidence that the County acted with deliberate indifference to an obvious likely deprivation of constitutional rights. *See, e.g., Rhyne v. Henderson Co.*, 973 F.2d 386, 392 (5th Cir. 1992)(failure to adopt a policy results in liability if it is obvious that a likely consequence is deprivation of constitutional rights). Plaintiff cites no other incidents of a similar nature at the facility, and there is no basis for speculating that the

5

presence of another officer would have prevented Plaintiff's assailant from slipping out as the cell door was closing. Plaintiff's official capacity claim against Defendant Patton fails.

CONCLUSION

Based on the foregoing, the Court denies Plaintiff's motions at Docket Nos. 95, 97 and 99 and grants Defendant Patton's motion at Docket No. 93.

SO ORDERED, this the 12th day of October, 2012.


        s/ F. Keith Ball
        UNITED STATES MAGISTRATE JUDGE